## Swanton Village v. Town of Highgate

[264 A.2d 804]

No. 104-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 7, 1970

*Jay Chaffee*, Swanton, for Plaintiff.

*Webster & Tyler*, St. Albans, for Defendant.

**Smith, J.** Swanton Village, the appellee here, sued appellant Town of Highgate in the Franklin County Court in an action under the common counts to recover taxes paid under protest to the defendant town. The case comes here under the provisions of 12 V.S.A. Sec. 2386 by virtue of which provision the trial court has certified four questions for our determination, upon which we are to render final judgment or remand the proceedings as justice and the state of the cause require.

After the cause had been passed to this Court for determination of the questions certified, appellee, Swanton Village, presented to this Court a motion to amend its complaint by adding a supplementary count thereto, which amendment it seeks to have allowed in this Court.

We first consider the motion of the plaintiff to amend its complaint in this Court. Our rule is that pleadings may be amended in substance at any state of the proceedings in the discretion of the court, and the statute so permits. 12 V.S.A. Sec. 1132; *Neverett* v. *Towne*, 121 Vt. 447, 452, 159 A.2d 345.

The amendment sought here by the plaintiff is to add a supplementary count to its complaint which, in substance, asserts that the grand list of the defendant for the tax year was invalid, void and illegal because the listers of the defendant town did not comply with 32 V.S.A. Sec. 3431 and 32 V.S.A. Sec. 4152(3) as well as other alleged non-compliance by the listers of Highgate with other sections of the statute.

The effect of this amendment, if allowed, would be to predicate the action of the plaintiff upon grounds not previously considered by the trial court, as well as upon grounds which were not included in the appellee's "Objections to the Validity of Taxes" as filed with the town clerk of Swanton, a certified copy of which is in the record before us.

The record makes clear that the amendment of the complaint moved for in this Court by the plaintiff did not constitute one of the grounds specified by the plaintiff, as required by 32 V.S.A. Sec. 5292(a):

> "A taxpayer shall not contest the validity of any tax assessed against his person, personal property or real estate nor the validity of the action of the listers or selectmen in assessing such tax nor the validity of any grand list unless the taxpayer filed his objections to the validity thereof, in the office of the town clerk wherein the tax is assessed, within a period of two months from November 15 of each year in which the tax is assessed."
> See *City of Winooski* v. *Matte*, 125 Vt. 463, 236 A.2d 501.

While not denying that in appropriate instances this Court has the power to allow amendment of proceedings in certain cases, we are of the opinion that the amendment to its plead-

ings moved by the plaintiff here can be better handled on the trial court level. We think that this is particularly true when a case comes to this Court only for the determination of certified questions submitted under the provisions of 12 V.S.A. Sec. 2386. The motion is denied as a matter of discretion.

■ We now turn to consideration of the questions certified here for our determination by the Franklin County Court. While four of such questions were here certified, the appellant Town of Highgate has seen fit to brief only one of the questions presented. By its failure to file a brief on the three other questions certified, the appellant has waived their determination here. *March* v. *Beekman et ux.*, 98 Vt. 293, 295, 127 A. 296.

■ The only question remaining for our determination is set forth in the following language:

"Must a taxpayer who is seeking to challenge the validity of a portion of a tax, pay to the taxing authority, without protest, that portion which is not challenged in order to preserve a cause of action as to the portion challenged."

The tax here in question, paid under protest by the Village of Swanton, was imposed upon an electric energy producing plant owned by the Village but located in the Town of Highgate. Swanton's objections to the validity of the tax, as filed with the town clerk of Highgate, was based on the assertion that the listers of Highgate failed to apply the same standards of evaluation of real estate owned by Swanton as was applied to many other parcels of real estate within the limits of the Town of Highgate owned by other taxpayers.

The specifications of the plaintiff states that it will seek to recover under the common counts a judgment for money had and received by the defendant as follows:

"Oct. 14, 1968:

For money paid under protest to the Treasurer of defendant town for taxes in the sum of $45,575.14 of which sum the plaintiff is entitled to recover at least $25,066.33 (55% of the sum paid), said taxes at least to this extent being illegal and void because predicated upon an appraisal of plaintiff's property which was disportionate,

discriminatory and contrary to principles of uniformity. Together with interest thereon . . ."

The Town of Highgate concedes that the action here brought is one in law and not in equity. It further concedes that there is no statutory authority, nor decisions of this Court, that would sustain its position that a taxpayer, challenging the validity of a portion of a tax assessed against him, pay without protest that portion of the tax not challenged in order to preserve a cause of action as to the portion challenged.

What the Town of Highgate contends is that this Court should apply principles of equity in this legal action to reach the result that it seeks. The thrust of the argument in the brief of Highgate is that communities can be irreparably damaged if taxpayers are allowed to pay taxes under protest without a sanction of good faith conduct imposed by this Court for the reason that a community would be deprived of the use of tax money to conduct its affairs. The principal authority cited by the defendant in support of its position is set forth in the California case of *Sims* v. *Los Angeles County*, 217 P.2d 936, 944.

"It is the established rule, based on the maxim that he who seeks equity must do equity, that a property owner seeking to challenge the validity of a tax must pay or offer to pay the portion of the tax to which the taxing authority is entitled in equity and good conscience."

However, if such principle was applied as the defendant suggests we fail to see that it would produce the beneficial result that the defendant claims would result. The plaintiff here has paid the entire amount of the tax assessed against it by the defendant. To be sure, the tax was paid under protest but the defendant is at liberty to use such tax payment for its municipal purposes, subject, of course, to returning to the plaintiff whatever amounts, if any, are found by the court to have been wrongfully assessed. The defendant is not deprived of the use of the tax money. Defendant is burdened only with the obligation to return whatever portion of the taxes it has already received from the plaintiff that may be determined to have been assessed without legal right. The only purpose of paying taxes under protest is to indicate the payment is involuntarily made.

Requiring a plaintiff in an action such as this for the recovery of taxes alleged to be illegally assessed to pay part of such taxes without protest would place upon the plaintiff the burden of predetermining the very question upon which it seeks the decision of the court. The plaintiff having paid the full amount of the taxes assessed against it, whether or not such assessment was in whole or in part illegal, has not deprived the defendant of the money which the court may ultimately decide rightfully belongs to it. Our answer to the certified question briefed here by the defendant is in the negative.

*Question 4 is answered in the negative. Plaintiff's motion to amend its complaint in this Court is denied and the cause remanded.*