## State of Vermont v. Leonard Forte

[572 A.2d 941]

No. 89-536

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed March 2, 1990

*Jeffrey L. Amestoy,* Attorney General, and *David E. Tartter,* Assistant Attorney General, for Petitioner.

*Peter M. Lawrence* of *Barr, Steinberg & Moss, P.C.,* Bennington, for Respondent.

**Morse, J.** A jury found defendant guilty of three counts of sexual assault. The trial court granted defendant a new trial "in the interests of justice," V.R.Cr.P. 33, on the principal ground that a prosecutor exhibited before the jury such extraordinary emotional involvement in securing a conviction that defendant was denied a fair trial. The State seeks review of that ruling here by way of a petition for extraordinary relief pursuant to V.R.A.P. 21(b). We dismiss the petition without prejudice to its renewal in superior court.

We recognize that the State has no procedural avenue to appeal the court's ruling. An appeal of right is lacking, V.R.A.P. 3, 13 V.S.A. § 7403(b) and (c), as is an interlocutory appeal, V.R.A.P. 5, or collateral final order appeal, V.R.A.P. 5.1. Furthermore, upon retrial, a second conviction would render this case moot and an acquittal would not be open to challenge by the State. In short, unless we accept review now, review in this Court of the ruling granting a new trial to defendant is forever foreclosed. Compare *Commonwealth v. Cook,* 380 Mass. 314, 319–20, 403 N.E.2d 363, 366–67 (1980), with *United States v. Sam Goody, Inc.,* 675 F.2d 17, 20–26 (2d Cir. 1982).

There are competing considerations, however. Review of the new trial ruling is time consuming and may cause prejudice to one or both sides if a new trial is the result. If a new trial on the grounds stated is reversed, defendant will probably appeal the

conviction on other grounds, leading to another protraction and consequent potential for a new trial.

■ Extraordinary relief, therefore, must be predicated upon more than the mere inability to secure ordinary review of a particular ruling. What the State must show may not be stated with precision, but this record is conspicuously unsupportive of an extraordinary remedy.

■ We note at the outset that review of a ruling on a motion for a new trial is narrow. Unless we determine that the trial court could not as a matter of discretion grant a new trial to defendant, we will not disturb the ruling—even if we, in our judgment, disagree with it. As the Eighth Circuit Court of Appeals has observed, "'it is difficult for an appellate court on a cold record to reproduce accurately for itself the warm vigor and atmosphere of the jury trial,'" which is why it is the trial judge who "can best weigh the errors against the record as a whole to determine whether those errors in the conduct of the trial justify a new trial." *United States v. McBride*, 862 F.2d 1316, 1320 (8th Cir. 1988) (quoting *La Barge Water Well Supply Co. v. United States*, 325 F.2d 798, 801 (8th Cir. 1963)).

Discretionary rulings, by definition, may favor either side and, unless the discretion is "abused," are not subject to reversal. When we speak of "abuse of discretion," we are saying the trial court's decision was wrong as a matter of law. *State v. Jewell*, 150 Vt. 281, 284–85, 552 A.2d 790, 792 (1988); *Paine v. Town of Leicester*, 22 Vt. 44, 48–49 (1849) ("questions of fact . . . cannot be revised here . . . unless . . . [the trial court] could not, in point of law, render such a judgment" upon the record of the proceedings.)

■ Additionally, to achieve extraordinary relief, more than just abuse of discretion must be shown. The State has the burden to persuade this Court that the new trial ruling was, in the words of various cases, a "'usurpation of judicial power' or a *clear* abuse of discretion," *Ley v. Dall*, 150 Vt. 383, 386, 553 A.2d 562, 564 (1988) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964)) (emphasis added) or "an arbitrary abuse of power," *Bargman v. Brewer*, 142 Vt. 367, 370, 454 A.2d 1253, 1255 (1983).

Even if we were to find scant support in the record for the new trial ruling, we are hard pressed to review what the trial court saw and heard. The demeanor of the participants and the reactions of jurors to the conduct are difficult, if not impossible, to assess on review of the record.

The State asks us to await a review on the merits until a transcript is available, but we fail to see how even then we will be able to review what the transcript does not reveal, which the trial judge described as follows:

> The trial was charged with emotion. From the opening statements onward the demeanor of the state's attorney can only be described as a fury seldom seen this side of hell. The court repeatedly cautioned the prosecutor to slow down her delivery as the experienced court reporter was unable to keep up. An unnecessarily vicious and brutal cross-examination of the defendant's daughter reduced the witness to tears necessitating recess. Later, at the continuation of that cross-examination the court reporter became so upset that she left the trial in tears and refused to continue. The jury was aware of this episode. The balance of the trial—several days worth—was tape recorded. Throughout the trial the prosecutor's conduct and the rapidity of her speech and the intensity of her objections, both on the floor and at the bench, indicated to the court that her emotional involvement was outside the pale of prosecutorial propriety. The court again advised the attorney in chambers at least twice during trial that her emotional involvement might render questionable the outcome of the trial and that the case should be handled by someone else in order to avoid the inadvertent injection of error. At the time the verdicts were rendered two of the female jurors were reduced to tears. The effect of this emotional intensity cannot be appreciated from a mere cold trial record. Only someone present throughout the trial could objectively determine whether or not the emotional involvement of the state deprived the defendant of a fair trial. This court holds that it did.

██ ██ The prosecutor has the authority and, indeed, the duty, to "prosecute with earnestness and vigor," *Berger v. United States*, 295 U.S. 78, 88 (1935); *State v. Lapham*, 135 Vt. 393, 406, 377 A.2d 249, 257 (1977), using every legitimate means to secure a conviction and refraining from improper methods. If, as the State argues, the new trial ruling was "an arbitrary abuse of power," motivated by factors not associated with a sound objective assessment of the demeanor of the prosecutor in question and the fairness of the proceeding, we fail to see why this petition was not initiated in superior court, where the trial record could be supplemented by an appropriate evidentiary foundation. V.R.A.P. 21(b) requires the complaint to contain:

an allegation . . . concisely setting forth the reasons why there is no adequate remedy by . . . *proceedings for extraordinary relief in the superior courts.*

(Emphasis added.) This provision was not complied with to our satisfaction.

*Petition dismissed without prejudice to bringing a petition for extraordinary relief in superior court if the State be so advised.*