2013 VT 28

## State of Vermont v. Michael Carpenter

[70 A.3d 1023]

Nos. 11-254 & 11-255

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed April 12, 2013

*Christina Rainville* and *Alexander Burke*, Bennington County Deputy State's Attorneys, Bennington, for Plaintiff-Appellee.

*Michael Rose*, St. Albans, for Defendant-Appellant.

¶ 1. **Burgess, J.** Defendant appeals from a sentence of five to fourteen years imprisonment under Vermont's Habitual Offender Act, 13 V.S.A. § 11, after pleading guilty to one felony count of violating an abuse-prevention order (VAPO) and five misdemeanors. Section 11 generally provides that a person already convicted of three felonies may, upon a fourth or subsequent felony conviction, be sentenced "to imprisonment up to and including life." Defendant contends that his five-year-minimum sentence is unlawful because the trial court was not authorized under § 11 to impose a minimum sentence greater than the maximum sentence of "not more than three years" for the underlying felony VAPO. 13 V.S.A. § 1030(b). The State argues that (1) the plain language of the Habitual Offender Act permits a minimum sentence greater than the statutory maximum of the underlying offense, (2) a contrary interpretation of § 11 would produce irrational and absurd results, and (3) defendant failed to contest the enhancement below and cannot demonstrate plain error to overcome his waiver of objection. We affirm on the last point.

¶ 2. The facts can be briefly summarized as follows. Defendant was charged with three felonies: aggravated domestic assault, second degree, and two counts of VAPO-second offense/habitual offender. Defendant was also charged with six misdemeanors: resisting arrest, escape, unlawful mischief and three counts of violating conditions of release. Defendant ultimately entered a plea

agreement and pleaded guilty to one felony VAPO and five misdemeanors. It was agreed that the felony sentence could be enhanced under the Habitual Offender Act. Sentencing was left "open" under the agreement, with the parties free to argue for their own recommendations.

¶ 3. At sentencing, the State sought a prison term of ten to twelve years to serve, a higher minimum and maximum sentence than ordinarily provided for felony VAPO. Defendant did not object to the State's proposal as illegal or contrary to statute. Instead, defendant argued for a lesser sentence of twenty-three months to seven and a half years to serve, with no enhancement. The trial court sentenced defendant to serve an enhanced sentence of five to fourteen years on the habitual-offender felony VAPO count, with lesser concurrent terms for the misdemeanors. Defendant appeals the habitual-offender sentence.[1]

¶ 4. Defendant argues now that the trial court's enhancement of the minimum sentence to five years is unlawful. The ordinary maximum for felony VAPO is three years. 13 V.S.A. § 1030(b). Defendant contends that Vermont's Habitual Offender Act, 13 V.S.A. § 11, allows an increase of a maximum sentence to life, but does not authorize enhancing a minimum sentence beyond the statutory maximum otherwise provided for by the underlying offense. Such a construction of § 11 is a matter of first impression.

¶ 5. As the State correctly points out, however, defendant failed to raise this objection at the sentencing hearing and therefore only plain error can warrant reversal on appeal. This Court reverses for plain error "only in rare and extraordinary cases." *State v. Loveland*, 165 Vt. 418, 422, 684 A.2d 272, 275 (1996) (quotation omitted). The standard for finding plain error is high: "(1) there must be an error; (2) the error must be obvious; (3) the error must affect substantial rights and result in prejudice to the defendant; and (4) we must correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *State v. Herrick*, 2011 VT 94, ¶ 18, 190 Vt. 292, 30 A.3d 1285.

¶ 6. Against that standard and the record of this case, defendant fails to demonstrate plain error. Assuming, for sake of argument only, that the trial court's application of the Habitual Offender Act was erroneous, it does not patently appear so from the language

---

[1] The concurrent misdemeanor sentences were not appealed.

of the statute. Such error, if error at all, worked no prejudice to defendant's substantial rights, given his exposure to the same or higher minimum term under his plea agreement, and the same sentence could have been imposed without § 11 enhancement. Similarly, even if the trial court erred in its habitual-offender enhancement, the fairness of the sentence and of the process is not impugned because the minimum term remained well within the sentencing range agreed to by defendant.

¶ 7. The limiting interpretation of § 11 sought by defendant — that the statute authorizes a life enhancement of a maximum sentence, but no minimum over the maximum originally prescribed for the underlying offense — does not plainly flow from the text of the act. The act says only that habitual offenders may be imprisoned "up to and including life." 13 V.S.A. § 11. There is no expressed limit on the court's authority to sentence to any term less than "up to" life. The statute is silent as to any consideration of the maximum penalty otherwise provided for nonhabitual offenders. Another construction of the act may be arguable, but nothing on the face of the act indicates that the trial court's application of § 11 is obviously erroneous.

¶ 8. Defendant offers no plain error argument based on case law, and review of the cases reflect no obvious error in this sentence. It is established that "once the status of habitual criminal is achieved the penalty for each subsequent crime is subject to such enhancement" under § 11. *State v. Kasper*, 137 Vt. 184, 213, 404 A.2d 85, 101 (1979). It is also settled that the "function of the habitual offender statute is to *replace* the statutory term for the fourth and subsequent felony convictions." *State v. Angelucci*, 137 Vt. 272, 289, 405 A.2d 33, 42 (1979) (emphasis added). In *Angelucci*, the result of § 11, once invoked against a habitual offender and as then written, commanded "imprisonment for the term of his natural life," and no enhancement less than imprisonment for life could be imposed. *Id.* The current statute, amended after *Angelucci*, allows now for a sentence of "up to and including life." No subsequent case contradicts the observation in *Angelucci* that the § 11 sentencing option replaces the penalty structure ordinarily available in the underlying statutory offense. Although not previously challenged on interpretive grounds, the imposition in the trial courts of minimum sentences enhanced in the same manner employed here,

as well as their affirmance, does not suggest obvious error in such a minimum. See *State v. Rideout*, 2007 VT 59A, 182 Vt. 113, 933 A.2d 706 (upholding § 11 sentence of twenty to fifty years where underlying lewd and lascivious felony was punishable by up to fifteen years); *State v. Ingerson*, 2004 VT 36, 176 Vt. 428, 852 A.2d 567 (affirming § 11 sentence of twenty to thirty years on underlying burglary otherwise punishable by up to fifteen years).

¶ 9. Additionally, the supposed error is strictly academic in this particular case, affecting no substantial rights of defendant and resulting in no prejudice to him. The sentence imposed was well less than what defendant could have received under his plea agreement. Sentencing under the agreement was unrestricted, with the parties free to argue for, and the court free to impose, any sentence authorized for the convictions pleaded to or by § 11. Even without the habitual-offender enhancement, defendant still faced a potential minimum sentence of nearly eight years had the court elected to impose a consecutive minimum for each separate conviction.[2] The court's rationale for its five-to-fourteen-year sentence is not challenged on appeal, and the same minimum sentence would fall entirely within the plea agreement and the court's authority to impose a minimum term for each conviction.[3] On this record, no adversity to defendant's interests can be made out on account of the error claimed.

■ ¶ 10. Defendant points to no compromise to the criminal justice system resulting from the claimed error, and none is discerned. As outlined above, defendant's plea agreement contemplated that the court could impose an aggregate minimum term close, but not identical, to eight years according to the underlying

---

[2] Unless otherwise specified, courts may impose a minimum, as well as a maximum, term in nonlife sentences, so long as the minimum is not identical to the maximum term. 13 V.S.A. § 7031(a). Sentences for multiple offenses may be imposed consecutively. *Id.* § 7032(b). Defendant pleaded guilty to one count of felony VAPO punishable without enhancement by up to three years imprisonment, *id.* § 1030(b), one count of escape punishable by up to two years imprisonment, *id.* § 1501(a)(2), one count of resisting arrest punishable by up to one year imprisonment, *id.* § 3017(a)(1), one count of unlawful mischief punishable by up to one year imprisonment, *id.* § 3701(b), and two counts of violating conditions of release each punishable by up to six months' imprisonment. *Id.* § 7559(e). Thus, arbitrarily subtracting a month from each maximum so as to avoid identical minimums, defendant was exposed to an aggregate minimum of seven and a half years on all counts.

[3] Defendant raises no challenge to the maximum term enhanced pursuant to § 11.

statutes proscribing the offenses. The agreement contemplated that the maximum sentence could be enhanced to life under § 11. Defendant's sentence of five to fourteen years is neither contrary to his agreement, nor inconsistent with the minimum authorized by statutes other than § 11, nor beyond the enhanced maximum allowed by the Habitual Offender Act. The sentence imposed was nothing defendant did not bargain for.

*Affirmed.*

¶ 11. **Robinson, J.,** concurring. If the trial court had sentenced defendant to two more years of minimum time for violating an abuse-prevention order than actually authorized by law, I could not agree that the court's sentence did not amount to plain error. If incarcerating someone two years longer than actually permitted by law is not the kind of "exceptional circumstance[ ] where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights," it's hard to imagine what would be. See *State v. Carpenter*, 170 Vt. 371, 375, 749 A.2d 1137, 1139-40 (2000) (quotation omitted).

¶ 12. That is true even if the legal error leading to the extra two years of minimum confinement was not patently apparent from the language of the statute. And the fact that defendant's total minimum sentence pursuant to his plea agreement *could have been* higher than the sentence he received does not mean that justice is not offended if the sentence *actually assigned* is unlawful.

¶ 13. I agree with the majority that there is no plain error in this case for a different reason: The court's sentence was not in error at all. As the majority rightly notes, the habitual-offender statute replaces the statutory term for the fourth and subsequent felony convictions. *Ante*, ¶ 8. Nothing in the language or purpose of 13 V.S.A. § 11 limits the effect of habitual-offender sentencing to the maximum term only. *Ante*, ¶ 7. Rather than suggesting that confining defendant on a charge for two years longer than allowed by statute would not strike at the heart of defendant's constitutional rights, I would decide the pivotal question squarely.