2014 VT 64

## State of Vermont v. Joshua Fontaine

[99 A.3d 1034]

No. 14-096

Present: Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.

Opinion Filed June 20, 2014

*James Lillicrap*, Orleans County Deputy State's Attorney, Newport, for Petitioner-Appellant.

*David C. Sleigh* and *Kyle L. Hatt* of *Sleigh Law, PC*, St. Johnsbury, for Respondent-Appellee.

¶ 1. **Crawford, J.** The State's petition for extraordinary relief raises two issues concerning defendant's sentencing: an objection to a private meeting in chambers between the judge and the minor victim of the offenses and the court's decision to impose a "split" probationary sentence on the charge of lewd and lascivious conduct with a child, first offense.[*]

¶ 2. On September 12, 2013, defendant pled guilty to a felony charge of lewd and lascivious conduct with a child as well as four counts of prohibited acts. The court ordered a presentence investigation (PSI) and a psychosexual evaluation. Sentencing occurred on March 19, 2014 after submission of the PSI report and the evaluation.

¶ 3. In the course of the sentencing hearing, the defense sought testimony from the victim, who was thirteen years old at the time the offense conduct began and sixteen at the time of sentencing. The victim is defendant's younger sister. The defense requested that the judge speak privately with the victim. The State objected although it agreed "to allow the victim to express her preference to the Court outside the presence of counsel." Specifically, the record reflects that when the judge inquired if anyone "would object to my meeting briefly with [the victim] to find out exactly what her comfort level is," the State responded that it had no objection.

¶ 4. The judge met with the child in chambers. A record was kept of their conversation. Reading from a prepared statement, the victim told the judge that she did not want her brother to go to jail. She indicated that she knew what her brother had done to her was wrong, but she preferred that he receive long-term treatment and counseling. During the conversation, the judge discussed general sentencing principles with the victim. The parties also discussed whether defendant had an anger management problem and whether he was developmentally delayed. The victim noted that her brother had a history of seizures. The trial judge offered the victim a mixture of advice and sympathy and discussed ways to overcome traumatic experiences in life. At the close of the conversation, the victim stated that she did not want to provide any additional testimony in open court.

---

[*] A "split sentence" is one in which a portion of the minimum sentence is served in jail and the balance is suspended with conditions of probation.

¶ 5. The court sentenced defendant to two-to-eight years, all suspended except ninety days on the lewd-and-lascivious conduct charge. In describing the basis for the sentence, the court recognized the concern and support that the victim had expressed for her brother.

¶ 6. ■ We will consider the two claims made by the State in order, beginning with its assertion that the court erred in meeting with the victim in chambers. The State has no right to a direct appeal on this issue, see 13 V.S.A. § 7403 (detailing circumstances under which State may appeal in misdemeanor and felony cases), and it is not an appropriate subject for extraordinary relief. Extraordinary relief is a limited remedy. One must show more than a "mere inability to secure ordinary review of a particular ruling," and more than an abuse of discretion. *State v. Forte*, 154 Vt. 46, 48, 572 A.2d 941, 942 (1990). We require proof that the trial court's actions amounted to a "usurpation of judicial power or a *clear* abuse of discretion, or an arbitrary abuse of power." *Id.* (citations and quotations omitted).

¶ 7. ■ ■ The standard required for extraordinary relief is not satisfied here. The State complains that although it agreed to a limited private conversation between the judge and the victim, the discussion in chambers was broader in scope than agreed. At most, this is a claim that the trial judge exceeded the terms of the parties' agreement in conducting the discussion with the young victim. We view the discussion as it appears in the transcript in a more generous light. The judge exercised his judgment in directing and leading the discussion with a vulnerable young person. The exercise of judicial discretion is not an appropriate subject for extraordinary relief unless the violation is clear and amounts to an abuse of authority. Nothing of the kind happened in this case. As in *Forte*, the record "is conspicuously unsupportive of an extraordinary remedy." *Id.*

¶ 8. ■ We turn to the State's assertion that the court imposed an illegal sentence by declining to impose a minimum incarcerative sentence of two years. The prosecution may seek review of a sentence on grounds that it is illegal through a petition for extraordinary relief. *State v. Saari*, 152 Vt. 510, 513, 568 A.2d 344, 347 (1989). The sentence allowed by statute for first offense lewd

and lascivious conduct with a child appears at 13 V.S.A. § 2602(b)(1), which states:

A person who violates [13 V.S.A. § 2602(a)] shall be:

(1) For a first offense, imprisoned not less than two years and not more than 15 years, and, in addition, may be fined not more than $5,000.00, or both.

¶ 9. ▪ This mandatory-minimum provision does not exclude or forbid the suspension of all or part of the sentence. Trial courts may suspend sentences in all cases in which incarceration is not specifically required by the Legislature. 28 V.S.A. § 205. There is no specific requirement of an incarcerative sentence in § 2602(b)(1).

¶ 10. ▪ ▪ In contrast, 13 V.S.A. § 2602(c)(1) prohibits probated sentences for second and third offenses and specifically requires incarceration. Under familiar principles of statutory construction, the inclusion of such a term with respect to two provisions of the statute and the exclusion of it in another demonstrates legislative intent to exclude mandatory incarceration from the first-offense penalty. See, e.g., *Grenafege v. Dep't of Emp't Sec.*, 134 Vt. 288, 290, 357 A.2d 118, 120 (1976) (recognizing "the time-honored precept of 'expressio unius est exclusio alterius,'" that is, the expression of one thing is the exclusion of another); see also *Hopkinton Scout Leaders Ass'n v. Town of Guilford*, 2004 VT 2, ¶ 8, 176 Vt. 577, 844 A.2d 753 (mem.) ("Where the Legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the Legislature did so advisedly.").

¶ 11. The legislative decision to allow the trial judge discretion to suspend part or all of the mandatory minimum is consistent with common sense. Lewd and lascivious conduct with a child includes a broad range of offense conduct. Some conduct may require that the full period of the sentence be served in prison. For other conduct a split sentence, including elements of incarceration and supervision on probation, may be appropriate. The mandatory-minimum provision ensures that in the event of a violation the defendant may receive up to two years in prison. This incentive to comply with conditions of probation would be reduced if the underlying minimum sentence were less than two years.

¶ 12. ▮ We find no violation of the sentencing provisions applicable to this offense. Accordingly, we deny the State's petition for extraordinary relief.

*The State's petition for extraordinary relief is denied.*