NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2026 VT 24

No. 25-AP-195

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Bennington Unit, |
| | Criminal Division |
| | |
| Peter Hirzel | March Term, 2026 |

Jennifer L. Barrett, J.

Evan Meenan, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Sarah R. Star, P.C., Middlebury, for Defendant-Appellant.


PRESENT: Reiber, C.J., Eaton, Waples, Nolan and Drescher, JJ.


¶ 1. **REIBER, C.J.** Defendant Peter Hirzel was convicted of two counts of sexual assault and appeals his sentence. He was sentenced to ten years to life all suspended with seven years to serve for the first conviction, and ten-to-twenty years all suspended except seven years to serve for the second to run concurrently. The seven years to serve was imposed consistent with the parties' plea agreement following a contested sentencing hearing. On appeal, defendant argues that the court erred by: (1) alluding to its ability to reject the plea agreement at sentencing when defendant believed it had already accepted the plea agreement; (2) improperly considering information in the victim-impact statements; and (3) refusing to consider the time defendant spent on restrictive curfew. Because we find no error, we affirm.

## I. Background

¶ 2.     In February 2025, defendant pleaded guilty to one count of sexual assault without consent and one count of sexual assault with a victim under sixteen years of age in violation of 13 V.S.A. § 3252(a)(1) and (c), respectively.  While the case was pending, the court released defendant on conditions, which included a curfew.  The court relaxed the curfew on several occasions, allowing defendant to leave his home for things like grocery shopping and holiday travel.  The parties entered into a plea agreement that called for a split-to-serve sentence, with the length of the split to be argued at a contested sentencing hearing.[1]  Defendant was free to argue for a minimum length of the split of three years' incarceration; and the State could argue for a maximum length of seven years' incarceration.

¶ 3.     At the change-of-plea hearing that same month, the court recited the terms of the plea agreement, reiterated that "the split would be assessed after there's a [pre-sentence investigation report (PSI)] and psychosexual [evaluation]," and that "the length of the split will be contested."  The court stated:

> The Court will accept the defendant's plea, find it to be voluntary, with a knowing waiver of his Constitutional rights and knowledge of the collateral consequences.  Based on the colloquy with the defendant, the Court finds there's [a] factual basis for the plea.  I'll accept the pleas and enter a judgment of guilty.  The Court will order the [PSI] and the psychosexual [evaluation].

The court then discussed the sentencing hearing length with the parties.  The State said the parties had "resolved most of the issues," that the "real question [was] only going to be the duration of the to-serve," and that it "could probably do it in an hour."  The court responded, "Okay."  Defense counsel stated he would need about "three or four hours."

---

[1]  A split-to-serve sentence is one where "a portion of the minimum sentence is served in jail and the balance is suspended with conditions of probation."  State v. Fontaine, 2014 VT 64, ¶ 1 n.*, 196 Vt. 579, 99 A.3d 1034.

¶ 4.     The court held the sentencing hearing in May 2025. At the hearing, the victim, her father, and her mother gave impact statements. The father stated that following defendant's arrest, "people came out of the woodwork . . . with anecdotes about [defendant's] inappropriate behavior and relationships with their children." Defendant objected. The court overruled the objection and allowed the father's statement, explaining that it was "an impact statement" and "not evidence." The victim's father continued and shared his disappointment about law enforcement's investigations into other potential victims and how defendant was monitored under his conditions of release. He expressed that the system had failed him and the victim. The father concluded by asking the court to sentence and punish defendant not for "unestablished crimes" but "for the crimes he has admitted to." After the father's statement, defendant requested that the court restrict the statements to how the victim and her family were affected to prevent speculation beyond the record. The court responded, stating:

> [T]his is not evidence. It's the victim's ability to make statements. This Court is absolutely not relying on any allegations of anything outside of this offense . . . . What the Court took away from the father's statement was that this process was traumatizing on the family . . . . But as it relates to any allegations of anyone else, that's not something the Court's going to consider.

¶ 5.     Before the victim's mother made her statement, the court reiterated that it would not consider "allegations of other incidents or anything that was not within the PSI or the documents" before it; it would consider only "the impact that [the offense] had on the family and the trauma that it's caused." After the mother's statement, the victim provided hers. The victim described the crime's impact on her mental health. In doing so, the victim described one instance outside of the record where defendant allegedly performed oral sex on her.

¶ 6.     After defendant's allocution, the State requested that the court "accept the plea agreement" and accordingly sentence defendant to serve the maximum split sentence of seven years pursuant to the plea agreement. The State also preemptively objected to the court crediting

3

defendant with any time spent under his conditions of release. Conversely, defendant asked the court to impose the minimum split sentence under the plea agreement of three years and asked for "twelve months' jail credit" toward his sentence for the time he was confined to his home under restrictive curfew. Alternatively, if defendant could not get credit, he asked that the court "consider" the time instead.

¶ 7. Before sentencing defendant, the court spoke "directly" to the victim, stating it "heard [her] words clearly" and "considered everything" she said. It understood that the victim was "profound[ly] impact[ed]" by the crime. The court refused to award defendant credit for time spent on conditions of release, concluding it lacked authority to do so. It noted that it had carefully considered the record; the nature and circumstances of the offense; defendant's history and character, his family and circumstances, and his compliance with court orders; the emotional impact on the victim; and the need for rehabilitation, specific and general deterrence, and punishment. The court then told defendant that his "behavior while on conditions of release," the sex-offender "treatment [he] received," and his "accountability and remorse" were "the only reason[s]" it would not "reject this agreement in its entirety." It stated that the question before it was "whether the sentence is one that falls . . . within a range of an acceptable sentence." The court then sentenced defendant to ten years to life all suspended with probation except for seven years to serve for the first conviction, and a concurrent sentence of ten-to-twenty years all suspended with probation except for seven years to serve for the second conviction. Defendant appeals.

## II. Standard of Review

¶ 8. We defer to a trial court's sentencing decision unless there was an abuse of discretion. State v. Sullivan, 2018 VT 112, ¶ 9, 208 Vt. 540, 200 A.3d 670. If the trial court's decision was grounded on legitimate goals, within statutory limits, and not based on improper information or animus, there is no abuse of discretion. Id. ¶¶ 8-9 (listing legitimate goals of

4

criminal justice as including "punishment, prevention, rehabilitation, and deterrence" (quotation omitted)); see also State v. Lumumba, 2014 VT 85, ¶ 22, 197 Vt. 315, 104 A.3d 627 ("Absent exceptional circumstances, we will defer to the court's judgment so long as the sentence is within the statutory limits and was not based on improper or inaccurate information." (quotation omitted)).

### III. Analysis

### A. Acceptance, Deferral, or Rejection of the Plea Agreement

¶ 9. We begin with the issue of whether the court accepted or deferred deciding on the plea agreement and whether this rises to plain error. Vermont Rule of Criminal Procedure 11(e) establishes plea-agreement procedures. If a court accepts a plea agreement, it must "inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or a less onerous disposition" under Rule 11(e)(3). If a court instead rejects or defers decision on the plea agreement, then it must inform the parties, advise the defendant that it may not be bound by the agreement, give the defendant an opportunity to withdraw their plea, and advise the defendant of the possibility for a less favorable outcome than that anticipated in the agreement. V.R.Cr.P. 11(e)(4).

¶ 10. Whether a court has accepted, rejected, or deferred its decision on a plea agreement is a question of fact determined by the totality of the circumstances. State v. Phillips, 2018 VT 85, ¶ 30, 208 Vt. 145, 195 A.3d 1099. A court is not bound by a plea agreement unless it informs the defendant that it will embody the disposition of the plea agreement or a less onerous disposition. Id. ¶ 28 (citing V.R.Cr.P. 11(e)(2)-(3)). If a court does not inform the defendant, then it is not bound to a plea agreement even if it accepts and enters a defendant's guilty plea, dismisses the remaining charges, and signs the notice of plea agreement and deferred sentencing order. Id. ¶¶ 20, 24. We have rejected the argument that a court accepts a plea agreement "simply because it accept[s] [a] defendant's pleas" to the charges because this does not "bar . . . the court's

subsequent consideration of the plea agreement." Id. ¶¶ 22, 29. Likewise, a court's failure to explicitly state its deferral decision "does not require [holding] the court accepted the plea agreement." Id. ¶ 25.

¶ 11. Because we require a court to inform a defendant before it is bound by a plea agreement, we have held trial courts have deferred their decisions on plea agreements under certain circumstances. For example, in State v. Hendricks, we held a trial court deferred its decision on the plea agreement despite its statement that the State's sentencing recommendation was " 'the worst that could happen to [the defendant].' " 173 Vt. 132, 136, 787 A.2d 1270, 1274 (2001). In so holding, we noted that the court had also stated the plea-agreement issue was not settled until sentencing. Id. We considered it "better practice" for a court to explicitly voice its intent to defer a decision to reject or accept a plea agreement but acknowledged that courts were "not always required" to follow Rule 11(e)'s subdivisions "to the letter." Id. at 136-37, 787 A.2d at 1274 (quotation omitted).

¶ 12. We have even held that a court deferred its decision after entering the defendant's plea consistent with the plea agreement and informing him that he would get the sentence contemplated therein " 'assuming that [the court was] able to consummate' " it " 'for [him].' " State v. Delisle, 162 Vt. 293, 298-300, 648 A.2d 632, 635-36 (1994). There, the court informed the defendant he could still withdraw his plea, ordered a PSI, and expressed "serious reservations" about accepting the plea agreement. Id. at 298, 648 A.2d at 635-36. Again, we reiterated courts should aspire to follow Rule 11(e)(4) "to the letter," but after reviewing the record we concluded the court had deferred its decision on the plea agreement. Id. at 299-300, 648 A.2d at 636. These cases demonstrate our refusal to bind a court to a plea agreement unless it has informed the defendant that it will adopt the plea agreement as a whole or otherwise impose a less severe sentence.

6

¶ 13.    Defendant first contends that the court accepted the plea agreement at the change-of-plea hearing.  In support of his contention, defendant relies on two statements the court made at the hearing.  The first is the court's statement that it would "accept the pleas and enter a judgment of guilty."  The second statement followed an exchange between the State and the court, where the State told the court that the parties had "resolved most of the issues" so that the only issue would "be the duration of the to-serve," and that the State would only need about an hour.  The court responded: "Okay."

¶ 14.    Neither of the court's statements amount to acceptance of the plea agreement.  First, the court said it would accept defendant's "pleas," not the plea agreement.  See Phillips, 2018 VT 85, ¶ 29 (explaining Rule 11(e)(2) "does not require that a court expressly accept, reject, or defer prior to entry of the defendant's pleas" and rejecting notion that trial court "accept[s] the plea agreement simply because it accept[s] defendant's pleas").  Facially, the court's statement accepting defendant's plea is insufficient to accept the plea agreement.  At a change-of-plea hearing, where a defendant is pleading guilty, a court must find the plea to be voluntary and knowing.  In re Pinheiro, 2018 VT 50, ¶ 9, 207 Vt. 466, 189 A.3d 1167.  If a plea is not voluntary and knowing, the court cannot accept the plea.  If a plea is voluntary and knowing, then the court accepts the plea.  Thus, the acceptance of a plea only means that the court finds the plea meets constitutional standards, not that the court is agreeing to the content of the plea agreement.

¶ 15.    Second, the court's affirmative response to the State, "Okay," does not demonstrate acceptance of the plea agreement.  This statement was made in the context of scheduling.  It affirmed that the court understood why the State believed it needed one hour for the hearing.  Neither statement "inform[ed] the defendant that [the court] will embody in the judgment and sentence the disposition provided for in the plea agreement or a less onerous disposition."  V.R.Cr.P. 11(e)(3).  Furthermore, unlike in Hendricks and Delisle, the court never referred to the

disposition set forth in the plea agreement while informing defendant about what sentence it might embody.

¶ 16.    Next, defendant argues that the court accepted the plea agreement because it never said to defendant that it was deferring its decision on, or rejecting, the plea agreement under Rule 11(e).  This argument is contrary to the plain language of Rule 11(e) and has been regularly rejected by this Court.  See, e.g., Delisle, 162 Vt. at 298-300, 648 A.2d at 635-36 (rejecting argument that acceptance of plea agreement is presumed unless court explicitly rejects or defers it).  It is evident from the language used that the court did not accept the plea agreement at the change-of-plea hearing and instead deferred its decision.

¶ 17.    Because there was no objection, defendant next argues that plain error arose from the court's failure to tell the parties it was deferring its decision on whether to accept the plea agreement under Rule 11.  He contends this failure amounts to plain error and affects his due process rights.  Because he was unaware that he also had to persuade the court to accept the plea agreement, he only argued at sentencing for it to impose a less onerous to-serve sentence than the seven-year maximum in the agreement.[2]  Defendant claims he was prejudiced by this and that had he been made aware he would have prepared differently for his sentencing hearing argument.

¶ 18.    Plain error requires a defendant to demonstrate that: "(1) there was error, (2) the error is obvious, (3) the error affects the substantial rights of and results in prejudice to the defendant, and (4) the error seriously affects the fairness, integrity or public reputation of judicial

---

[2]  Defendant asserts that because the State did not reply to his constitutional arguments in its brief, the State concedes reversible error.  Not so.  The case defendant relies on, Swanton Village v. Town of Highgate, 128 Vt. 401, 403, 264 A.2d 804, 805 (1970), is inapposite.  In that case, we held an appellant's failure to brief three of the four certified questions amounted to waiving this Court's determination of those issues.  Swanton Village, 128 Vt. at 403, 264 A.2d at 805 (citing March v. Beckman, 98 Vt. 293, 295, 127 A. 296, 297 (1925) (holding plaintiff waived appeal by failing to file brief)).  Neither of those cases suggest the preclusive effect arising from an appellant's failure to brief applies with equal force to an appellee under these circumstances. In re S.B.L., 150 Vt. 294, 297, 553 A.2d 1078, 1081 (1988) ("It is the burden of the appellant to demonstrate how the lower court erred warranting reversal.").

proceedings." State v. Ray, 2019 VT 51, ¶ 6, 210 Vt. 496, 216 A.3d 1274 (quotation omitted); see also Lumumba, 2014 VT 85, ¶ 22 (observing limited review of sentencing matters); State v. Koons, 2011 VT 22, ¶ 11, 189 Vt. 285, 20 A.3d 662 ("Because defendant failed to raise this objection at the sentencing hearing, we review solely for plain error."). Even where there is obvious error, it may be nonprejudicial when there is an independent basis for imposing a sentence, Ray, 2019 VT 51, ¶ 10 (acknowledging independent basis for imposing sentence means error "has not affected the substantial rights of the defendant and was therefore not prejudicial"), or if it exposes a defendant to the same terms as those under the plea agreement, State v. Carpenter, 2013 VT 28, ¶ 6, 193 Vt. 484, 70 A.3d 1023 (declining to find prejudicial error when defendant could have received "same or higher minimum term under his plea agreement"). Additionally, the sentence's fairness and the fairness, integrity, or public reputation of judicial proceedings are "not impugned" when "the minimum term remain[s] well within the sentencing range agreed to by defendant." Carpenter, 2013 VT 28, ¶ 6.

¶ 19. Defendant fails to demonstrate plain error here. The court substantially complied with Rule 11's requirements despite failing to inform defendant it was deferring its decision in the manner prescribed by Rule 11(e).[3] But the court ultimately accepted the plea agreement and imposed the maximum to-serve sentence of seven years allowable under it. In imposing the sentence, the court considered relevant factors. Defendant agreed to the plea agreement knowing he would serve a range of three-to-seven years followed by probation. There is no prejudice—and therefore no plain error—when defendant was sentenced to "the same" seven years under his plea agreement. Carpenter, 2013 VT 28, ¶ 6.

---

[3] The lack of an implicit or explicit statement informing the defendant of deferral does violate Rule 11(e)(4). However, even if there was a violation, the court's later acceptance of the plea agreement negates the need for the remedy, which is the opportunity for defendant to change his plea. V.R.Cr.P. 11(e)(4).

## B. Consideration of Victim-Impact Statements

¶ 20. Defendant next argues that the trial court violated Vermont Rule of Criminal Procedure 32(c) and his due process rights by considering inaccurate and unreliable information within the victim-impact statements without any notice to him. Defendant takes issue with two statements made during the victim-impact testimony: (1) the father's statements that he believed there were other victims; and (2) the victim's statement that included a new allegation of forced oral sex between the victim and defendant.

¶ 21. Trial courts generally "enjoy[] broad discretion in sentencing, and its sentence will be upheld if it is within the statutory limits and not derived from the court's reliance on improper or inaccurate information." Delisle, 2015 VT 76, ¶ 8 (quotations omitted). Thus, a trial court may consider only evidence "based on reliable factual information, with full disclosure sufficiently in advance of sentencing to allow an adequate opportunity for rebuttal." State v. Ramsay, 146 Vt. 70, 81, 499 A.2d 15, 22 (1985). There is no error where a court does not consider unreliable information. See State v. Cyr, 141 Vt. 355, 357, 449 A.2d 926, 927 (1982) (reasoning no error exists where trial court did not consider prohibited assertions of criminal activity during sentencing).

¶ 22. Before sentencing, Rule 32(c)(4)(A) requires that a defendant have the opportunity to "comment upon any and all information submitted to the court for sentencing." V.R.Cr.P. 32(c)(4)(A); see Delisle, 2015 VT 76, ¶ 17 (recognizing sentencing courts may consider information beyond parties' submissions, but court must notify defendant it intends to rely on such information or defendant's right to challenge information under Rule 32 "would be meaningless"). If a defendant challenges information at sentencing, the court can agree not to consider the information. State v. Russo, 2004 VT 103, ¶ 26, 177 Vt. 394, 864 A.2d 655; V.R.Cr.P. 32(c)(4). If the court agrees not to consider the information, "the point becomes 'moot.' " Russo, 2004 VT 103, ¶ 26 (quoting Reporter's Notes—1989 Amendment, V.R.Cr.P. 32).

¶ 23.   Here, after defendant's objection, the court agreed that it would not consider "allegations of other incidents or anything that was not within the PSI or the documents" before it, only the impacts on the victim and her family.  The information defendant challenges on appeal was not considered by the court and thus did not require notice or the opportunity for rebuttal under Rule 32.  Russo, 2004 VT 103, ¶ 26.  Thus, the argument is moot.  Id.  When placed in context, the court's statements that it "heard [the victim's] words clearly" and "considered everything that [she] said," are likely mere "rhetorical blemishes" that do not override its earlier statements reiterating it would not consider new information outside of the record.  State v. Hughs, 2018 VT 74, ¶ 20, 208 Vt. 44, 194 A.3d 1181 (acknowledging we do not "expect that all sentencing hearings be completely free from rhetorical blemishes").  There is no plain error because we find no error at all.

## C.  Time Spent on Restrictive Curfew

¶ 24.   Finally, defendant argues that the trial court abused its discretion when it refused to consider his time spent under restrictive curfew.  Section 7031(b) of Title 13 requires a sentencing court to give a defendant credit toward their sentence for time spent "in custody."  Prior to trial, a court may impose curfew as a condition of release to "mitigate the risk of flight" and "ensure protection of the public."  Id. § 7554(a)(1), (2).

¶ 25.   In State v. Kenvin, we held that a defendant could earn credit toward their sentence for the time they spent on a twenty-four-hour curfew while released on conditions because the curfew was "sufficiently onerous to invoke the credit provision of § 7031."  2013 VT 104, ¶ 26, 195 Vt. 166, 87 A.3d 454, overruled by State v. Byam, 2017 VT 47, 205 Vt. 173, 172 A.3d 171.  But we overruled Kenvin in State v. Byam, holding that pretrial curfew is too dissimilar from penal incarceration to justify credit for sentencing purposes.  Byam, 2017 VT 47, ¶¶ 13-18.  Instead, we adopted a "bright-line rule" that "a defendant who is released pretrial under a curfew established by conditions of release and who is later sentenced to jail time is not entitled to credit under 13

V.S.A. § 7031(b) for the time spent on curfew under conditions of release." Id. ¶ 18. In reaching our decision, we compared home detention and restrictive curfew, noting both are "effectively the same thing" except that home detention includes extensive monitoring by the Department of Corrections (DOC). Id. ¶ 22. We concluded that the phrase "in custody" meant that the government was responsible for a defendant's whereabouts, and that "a condition of release imposing a twenty-four-hour curfew does not put a defendant in anyone's custody." Id. ¶ 14. Therefore, to be "in custody" for § 7031(b) purposes requires "a defendant be subject to the physical control of the DOC or of a court-ordered treatment facility." Id. ¶ 23.

¶ 26. Here, the court correctly concluded that it could not credit defendant for time spent on restrictive curfew. Defendant was not "in custody" within the meaning of § 7031(b) because he was only under a restrictive curfew under § 7554b. See 13 V.S.A. § 7554b (setting out home detention program). Defendant recognizes that the court was precluded from awarding credit under § 7031(b) for time spent under restrictive curfew. But he contends that he was not requesting "day-for-day" credit and instead was "only asking" for twelve months of "reduced jail time" for the forty months he was under the restrictive curfew.

¶ 27. Defendant's attempt to characterize time spent on restrictive curfew as a "hardship" is not supported by either § 7031(b) or our holding in Byam. Defendant's request that the court consider his "hardship" under restrictive curfew has the same goal as requesting credit: for the trial court to reduce defendant's time to serve. The fact that defendant did not technically request a day-for-day credit does not matter. Byam prohibits crediting any time spent under curfew and requires a defendant to be in custody to award credit. 2017 VT 47, ¶ 18. The court correctly concluded it could not credit defendant. See id. ¶ 24 ("To allow sentencing credit for time when no one is minding the store is unfair to those who truly are in custody.").

¶ 28. Because the court here imposed a sentence supported by credible evidence and within the statutory limits and did not rely on personal animus, State v. Ingerson, 2004 VT 36,

12

¶ 10, 176 Vt. 428, 852 A.2d 567; <u>Sullivan,</u> 2018 VT 112, ¶ 9 (stating same), or improper or inaccurate information, <u>Lumumba</u>, 2014 VT 85, ¶ 22, it did not abuse its discretion.

¶ 29.    Defendant fails to show that the court's sentencing process amounted to plain error, and we discern no abuse of discretion.  Therefore, we affirm.

<u>Affirmed</u>.

FOR THE COURT:

_____

Chief Justice