2004 VT 2

## HOPKINTON SCOUT LEADERS ASSOCIATION v. TOWN OF GUILFORD

[844 A.2d 753]

No. 03-140

¶ 1. January 14, 2004. The Town of Guilford appeals from summary judgment in favor of appellee Hopkinton Scout Leaders Association, Inc. (HSLA), asserting that the trial court erred in its determination that HSLA's property is exempt from real estate taxes. The Town argues that the trial court misconstrued 32 V.S.A. § 3802(2) by extending its ap-

plication to a scouting organization not chartered by act of the Congress of the United States. We agree and therefore reverse and remand for further proceedings.

¶ 2. HSLA is a Massachusetts non-profit corporation with the stated purpose "to promote scouting programs within the town of Hopkinton through the administration of the assets, both real property and financial, of the corporation wherever these assets may be located." The association operates as an umbrella organization that manages joint property and promotes scouting activities for the benefit of its members, who are officially-sanctioned scouting groups from Hopkinton, Massachusetts. HSLA owns a property of about 214 acres and several buildings in Guilford, which has been used for scouting activities.

¶ 3. In March 2002, HSLA filed a declaratory judgment action seeking a determination that its Guilford property was tax exempt pursuant to 32 V.S.A. § 3802(2) and/or 32 V.S.A. § 3802(4). In July 2002, HSLA also grieved its taxes to the Guilford Board of Civil Authority. The Board denied the grievance and indicated that it did not have jurisdiction to determine whether the HSLA's property was tax exempt. That decision was appealed to the Windham Superior Court, and the appeal was consolidated with the underlying declaratory judgment action. In February 2003, the Windham Superior Court granted summary judgment in favor of HSLA holding that it was tax exempt under 32 V.S.A. § 3802(2). This appeal followed.

¶ 4. Appellant first argues that the trial court erred in its construction and interpretation of 32 V.S.A. § 3802(2). The court — finding no policy reasons to distinguish between scout groups chartered by an act of Congress and corporations such as HSLA — determined that the purpose of the statute is to grant tax exemptions for property owned and used by scouting organizations. Although the statute explicitly extends the exemption to corporations formed by individual members of veterans organizations, but does not do so for scout groups, the trial court construed the omission as a reflection of the Legislature's lack of anticipation that umbrella corporations could be created among scout troops. We disagree.

¶ 5. Reviewing the trial court's construction of the statute is a question of law, and therefore "our review is non-deferential and plenary." *State v. Koch*, 169 Vt. 109, 112, 730 A.2d 577, 580 (1999).

¶ 6. We look first to the plain meaning of the statutory language, and if it is clear and unambiguous, we will apply it, without resorting to statutory construction or additional determination of legislative intent. *Wentworth v. Fletcher Allen Health Care*, 171 Vt. 614, 617, 765 A.2d 456, 461 (2000) (mem.). To the extent any statutory construction is needed, tax exemption statutes are strictly construed by confining their meaning to the express letter or necessary scope of their language. *American Museum of Fly Fishing, Inc. v. Town of Manchester*, 151 Vt. 103, 108, 557 A.2d 900, 903 (1989). The "exemption will be strictly construed against the party claiming it, and any doubts as to its application will be interpreted against the exemption." *Id.* (citations omitted).

¶ 7. The statutory exemption provided under 32 V.S.A. § 3802(2) is clear and unambiguous.[1] The provision applies only

---

[1] The statute exempts from real estate taxes:

Real and personal property owned by a post of any veterans' organization chartered by act of Congress of the United States or owned by a corporation the members or stockholders of which are members of said post or its auxiliary, provided said real estate is used for purposes of the post or its auxiliary or such corporation only, is

to "real and personal property owned by and used for the purpose of its work by a nonprofit organization chartered by act of the Congress of the United States, such as a Red Cross, boy scout, girl scout, boy or girl organization." 32 V.S.A. § 3802(2). HSLA is not a chartered organization, and it is not subject to the control or regulation of Boy Scouts or Girl Scouts of America. HSLA member troops are not chartered organizations; rather, they are part of other chartered councils. Under the plain meaning of § 3802(2), HSLA cannot avail itself of the tax exemption unless it becomes a chartered scout council.

¶ 8. We note that § 3802(2) contains explicit language allowing a broader application of the exemption to veterans' organizations, but the Legislature chose not to provide a similar exemption when the statute was amended to include scouting organizations. Since 1959, the exemption has been available not only to veteran posts, but to corporations "the members or stockholders of which are members of [a veteran] post or its auxiliary." 32 V.S.A. § 3802(2). Nevertheless, in 1967, when the Legislature added the provision exempting the scouting organizations, the Legislature — instead of simply mirroring the language of the already existing exemption — chose to omit any reference to member owned corporations. See 1967, No. 156, § 1. Where the Legislature includes particu-

_____

used as the principal meeting place of said post or its auxiliary in the exercise of its functions and activities, and it is not leased or rented for profit; and real and personal property owned by and used for the purpose of its work by a nonprofit organization chartered by act of the Congress of the United States, such as a Red Cross, boy scout, girl scout, boy or girl organization.

32 V.S.A. § 3802(2)

lar language in one section of a statute but omits it in another section of the same act, it is generally presumed that the Legislature did so advisedly. *In re Munson Earth Moving Corp.*, 169 Vt. 455, 465, 737 A.2d 906, 913 (1999).

¶ 9. Even if, as the trial court speculated, "legislators who drafted § 3802(2) did not anticipate that the scout troops would form a non-profit umbrella organization which was not itself sanctioned by the national organization," exemption from taxation cannot be "sustained unless within the express letter or necessary scope of the exempting clause." *English Language Center, Inc. v. Town of Wallingford*, 132 Vt. 327, 329, 318 A.2d 180, 182 (1974). The "necessary scope" of the exemption contained within § 3802(2) does not compel the application posited by the trial court. Indeed there is a significant distinction between a scout organization chartered by act of Congress and an organization not subject to such a charter. Unlike HSLA, organizations chartered by act of Congress are subject to the statutory duties that the charter imposes. For example, Congress' charter defines the purpose of the Boy Scouts of America, its governing body, and the scope of its powers. 36 U.S.C. §§ 30901-30908 (2001). It also imposes duties on the corporation, including the obligation to submit an annual report to Congress. 36 U.S.C. § 30908 (2001). The Vermont Legislature may have considered the better policy to limit the exemption to property owned by chartered councils because the additional duties under the charter may help ensure that the property is adequately managed and used appropriately.

¶ 10. Contrary to HSLA's contention, this legislative classification is neither arbitrary nor unreasonable, and therefore it does not violate the Equal Protection Clause of the Fourteenth Amendment. The states have large leeway in making classifications and drawing lines which in their judgment produce reason-

able systems of taxation. *USGen New England, Inc. v. Town of Rockingham*, 2003 VT 102, ¶ 17, 176 Vt. 104, 838 A.2d 927. Under the Equal Protection Clause, the classification will be upheld

> so long as there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decision-maker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.

*Id.* The groups who benefit from the tax exemption in § 3802 are well defined, and the discrimination drawn in their favor has not been shown to be wholly arbitrary. *Governor Clinton Council, Inc. v. Koslowski*, 137 Vt. 240, 246, 403 A.2d 689, 693 (1979)

¶ 11. We therefore reverse the trial court's declaratory judgment that HSLA's property in Guilford is tax exempt under 32 V.S.A. § 3802(2).

¶ 12. In anticipation of reversal, the parties urge us to decide whether HSLA is entitled to the exemption under 32 V.S.A. § 3802(4).[2] Although motions for summary judgment were filed on the issue, the trial court did not reach it because it found that § 3802(2) applied. We decline to decide the issue without a better developed factual record. The applicability of § 3802(4) depends on whether the land meets the "public use test" set forth in *American Museum of Fly Fishing*, 151 Vt. at 110, 557 A.2d at 904. This test requires a determination of (1) whether the property is dedicated unconditionally to public use; (2) whether

the primary use directly benefits an indefinite class of persons who are part of the public, and as a result confers a benefit on society; and (3) whether the property is owned and operated on a not-for-profit basis. *Id.* The parties' stipulated statement of undisputed facts is insufficient to resolve the legal question, and therefore the proper course is to remand to the trial court for additional factfinding. See *Amiot v. Ames*, 166 Vt. 288, 293-94, 693 A.2d 675, 678-79 (1997) (citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)).

¶ 13. Appellant also seeks a determination of whether the Guilford Board of Civil Authority has subject matter jurisdiction to determine tax exempt status or whether its jurisdiction is limited to valuation of a property. We decline to reach the issue because it was not raised in appellant's motion for summary judgment and thus was not decided by the trial court. Further, as appellant admits, the dismissal of the Board portion of the appeal will have absolutely no impact on the rights of the parties to the instant case. The trial court's determination of HSLA's tax exempt status was based upon the complaint brought in the declaratory judgment action, and therefore the review of the action before the Board is not needed to resolve the tax exemption issue.

*Reversed and remanded.*

---

[2] 32 V.S.A. § 3802(4) exempts from taxation "[r]eal and personal estate ... used for public, pious or charitable uses."