Fraser v. Sleeper, No. 284-5-04 Wncv  (Toor, J., Sep. 20, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WASHINGTON COUNTY, SS

| | |
|---|---|
| PAUL FRASER,<br>  Plaintiff<br><br> v.<br><br>KERRY SLEEPER,<br>  Defendant | SUPERIOR COURT<br>Docket No. 284-5-04 Wncv |

RULING ON MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

This case is brought by Paul Fraser ("Fraser"), who was convicted of a sex offense in New York in 1999. He is now a resident of Vermont, and argues that he should not have to register on the sex offender registry here. Defendant, the Commissioner of Public Safety ("Commissioner"), has filed a motion to dismiss. Plaintiff has filed a motion for summary judgment. Oral argument was held on September 12.

Findings of Fact

In 1998, a computer repair shop found pornographic images on Fraser's computer, leading to criminal charges against Fraser. In 1999, Fraser was convicted after trial of two counts of possessing a sexual performance of a child, a violation of New York law. N.Y.P.L. § 263.16. He was a social worker, and claimed that he had obtained the materials pursuant to his work. The

judge ruled that such bona fide use was not a defense to the charges. The New York statute reads as follows:

> A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age.

N.Y.P.L. § 263.16.

Fraser later moved to Vermont. Vermont's sex offender statute requires persons moving to the state who have been convicted of a sex offense elsewhere to register as sex offenders here. However, the obligation to register applies only if the offense in question would also be an offense in Vermont. The statute states that a person who moves here must register if:

> [he] has been convicted in any jurisdiction of the United States . . . for a sex crime the elements of which would constitute a crime under subdivision (10)(A) or (B) of this section if committed in this state.

13 V.S.A. §§ 5401(10)(C) and 5407(a)(1). The referenced subdivisions include the crime of sexual exploitation of children, which encompasses possession of child pornography. Id. §§ 5401(10)(B)(v), and 13 V.S.A. § 2827.

Fraser did register as a sex offender in Vermont. He subsequently asked the Commissioner to remove his name from the registry. The Commissioner declined. Fraser then brought this action under V.R.C.P. 75, seeking mandamus and declaratory relief.

Fraser argues that the acts for which he was convicted would not constitute a crime in Vermont, and therefore the registration requirement does not apply to him. The Vermont statute prohibiting possession of child pornography states as follows:

> No person shall, with knowledge of the character and content, possess any photograph, film or visual depiction, including any depiction which is stored electronically, of sexual conduct by a child or of a clearly lewd exhibition of a child's genitals or anus.

13 V.S.A. § 2827(a). There is, however, a "bona fide use" provision in the statute. It reads in relevant part as follows:

> This section does not apply:
> (1) if the depiction was possessed for a bona fide medical, psychological, social work, legislative, judicial or law enforcement purpose, by a physician, psychologist, social worker, legislator, judge, prosecutor, law enforcement officer, or other person having such a bona fide interest in the subject matter[.]

Id. § 2827 (b). The statute also provides for two unrelated affirmative defenses which may be raised by a defendant. Id. § 2827(c).

Fraser argues that because of the "bona fide use" exception in the Vermont statute, he could not have been convicted in Vermont and therefore the New York conviction is not one "the elements of which would constitute a crime . . . if committed in this state." 13 V.S.A. § 5401 (10)(C).

## The Motion to Dismiss

The Commissioner has moved to dismiss the complaint, arguing that it fails to state a claim upon which relief can be granted. What the court must determine is whether "the elements" of the New York crime for which Fraser was convicted would or would not "constitute a crime" in Vermont. 13 V.S.A. § 5401(10)(C).

It is undisputed that both the New York and the Vermont statute have two elements in common. The State must prove (1) that the defendant possessed child pornography, and (2) that the defendant had knowledge of its character. What is disputed is who must prove whether the possession was for a bona fide purpose.

The Commissioner argues that the "bona fide use" provision in the Vermont law is in the nature of an affirmative defense, not an element of the crime. Thus, regardless of whether Fraser

might have prevailed in Vermont under the "bona fide use" provision, the Commissioner argues, because the elements of the crimes are the same, registration is mandated.

Fraser responds that the "bona fide use" provision is not an affirmative defense but, instead, an element the State must negate as part of the charge itself.

As our Supreme Court has made clear, a court's "primary objective in construing a statute is to effectuate the Legislature's intent." Wesco, Inc. v. Sorrell, 2004 Vt. 102, ¶ 14, ___ Vt. ___ (2004). In doing so, "we initially look to the statute's language." Id.

The Commissioner's argument is buttressed by the fact that the statute does not expressly say "the State must prove there was not a bona fide use." Generally, statutory exceptions that do not state whether they are elements or affirmative defenses are interpreted as affirmative defenses. *See, e.g*., United States v. Kloess, 251 F.3d 941, 945 (11th Cir. 2001) (courts generally interpret "exceptions to criminal liability" as "affirmative defenses"); United States v. Hartsock, 347 F.3d 1, 6 (1st Cir. 2003) ("Courts confronting statutory exceptions . . . generally treat them as affirmative defenses to the underlying crime.")

The court agrees that if all that were before it were the first two subsections of the statute, it would construe the "bona fide use" exception as an affirmative defense. *See* United States v. McArthur, 108 F.3d 1350, 1353 (11th Cir. 1997) ("a narrow proviso to a more general statutory offense is more likely to be an affirmative defense than an element of the offense.").

Here, however, there are not merely two subsections. Instead, there is a third subsection which expressly delineates two "affirmative defenses" to the statute, which must be asserted and proved by the defendant. 13 V.S.A. § 2827(c)("In any prosecution arising under this section, the

defendant may raise any of the following affirmative defenses, which shall be proven by a preponderance of the evidence . . .").

It is a basic tenet of statutory construction that "[w]here the Legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the Legislature did so advisedly." Hopkinton Scout Leaders Association v. Guilford, 2004 VT 2, ¶ 8, 176 Vt. 577, 579 (2004). *See also*, Grenafege v. Department of Employment Security, 134 VT. 288, 290 (1976) ("simply put, where the legislature meant 'wages' to mean those earned in subject employment it said so, and . . . where it did not say so it intended no such restriction"); Sosa v. Alvarez-Machain, ___ U.S. ___, 124 S. Ct. 2739, 2754 n.9 (2004), citing 2A N. Singer, *Statutes and Statutory Construction* § 46:06, p. 194 (6th ed. 2000) ("'when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.'").

This principle of statutory construction leads to but one conclusion here: because the Legislature has expressly designated certain matters as affirmative defenses and not so designated "bona fide use," it is presumed to have intended a distinction. Thus, "bona fide use" is not an affirmative defense, but an element of the crime.

This conclusion is strengthened by the fact that the Legislature chose to draft a similar section of the same chapter in a notably different manner. In the statute prohibiting "promoting a recording of sexual conduct," an identical "bona fide use" provision exists but is expressly made an affirmative defense:

> In any prosecution arising under this section, the defendant may raise any of the following affirmative defenses:
>> (1) that the recording was promoted for a bona fide medical, psychological, social work, legislative, judicial or law enforcement

> purpose, by or to a physician, psychologist, social worker, legislator, judge, prosecutor, law enforcement officer, or other person having such a bona fide interest in the subject matter[.]

13 V.S.A. § 2824(b). Thus, the conclusion is clear: the Legislature knew how to make "bona fide use" an affirmative defense, and it did not do so in the section at issue here.

The Commissioner nonetheless cites cases that urge courts to ignore the plain language of a statute if the plain language leads to an "absurd result manifestly unintended by the Legislature." State v. Thompson, 174 Vt. 172, 176 (2002). However, there is nothing to suggest that the plain language here leads either to an absurd result or to one not intended by the Legislature. As neither party has found any legislative history,[1] the court can only guess as to the reasons for the distinction between the "promoting" and "possession" statutes. However, there could easily have been reasoned grounds for placing the burden on the State in one statute and on the defendant in the other. Principally, the Legislature could well have concluded that possession was of less severity than promotion, and that before possession charges were filed against professionals doing their job, such as prosecutors or police officers, the State should have the burden of investigating whether a bona fide purpose existed. Thus, the court finds nothing absurd in interpreting the two statutes as having been intentionally drafted differently.

Nor does the court find it absurd or inconsistent with the statute to place on the State the burden of disproving "bona fide use." First, it would be a simple matter to determine whether a putative defendant was within the limited categories of professionals to whom the provision applies. Second, determining whether the person had any claim to bona fide use would not be an

---

[1] Fraser cites an "Act Summary" available on the internet, which states that "[i]t is the state's burden to prove that none of these exceptions apply." 1999, No. 122 (Adj. Sess.), Act Summary (available at www.leg.state.vt.us/DOCS/2000/ACTS/ACT122SUM). However, it is unclear by whom or when this was drafted, as counsel for Fraser conceded at oral argument. Without more information about its source, the court declines to consider this as valid legislative history.

unworkable task – interviews of the person's employer would likely resolve the issue quickly in many cases. If, for example, a police officer claimed to have pornographic materials as part of his job, one would expect that the police department could soon determine whether this was or was not a legitimate claim by reviewing the officer's assignments. While other cases, such as this one, might be less straightforward, the court cannot conclude that the potential burden on the State renders the Legislature's choice of burden allocation "absurd" or clearly inconsistent with the statute.

Thus, the court is compelled to conclude that the Legislature meant what it said when it used different terminology in the different subsections of the statute. For the foregoing reasons, the Commissioner's motion to dismiss is denied.

<u>The Motion for Summary Judgment</u>

Fraser moves for summary judgment, arguing that he is a social worker and possessed the pornography in question for valid professional purposes. The Commissioner has asked for thirty days from this court's ruling on the motion to dismiss before responding.

On first blush, it would appear that it is not necessary to determine whether Fraser did or did not have a "bona fide" reason for possessing the pornography for which he was convicted. The court has concluded above that the Legislature has placed in the Vermont statute an additional element the State must prove that is not included in the New York statute – that the defendant was not a bona fide user. Whether the two states' statutory elements are the same appears to be the only issue posed by the registration statute. If so, it would appear that summary judgment for Fraser is appropriate without further factual analysis. However, the court will grant the Commissioner's request for additional time to respond so that these issues can be fully briefed.

<u>Order</u>

1. The Commissioner's motion to dismiss is denied.

2. The Commissioner shall have until October 21 to file any response to Plaintiff's motion for summary judgment.

Dated at Montpelier this 20th day of September, 2005.

_____
Helen M. Toor
Superior Court Judge