*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-137

OCTOBER TERM, 2014

| | | |
|---|---|---|
| Julia Dixon | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Geoffrey Dixon | } | DOCKET NO. 579-12-12 Rddm |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order, arguing that the court abused its discretion in awarding wife a greater share of the marital estate. We affirm.

The court found the following facts. The parties met in college. They married in August 1983, just after wife's graduation and before husband's senior year. They worked at a series of odd jobs until wife became employed at a payroll company where she earned $65,000 and had benefits. She left that job in 1991. In 1989, husband started a small business, making wood products for funeral homes. Wife helped with the business, and she was the primary caregiver for the parties' two children, who were born in 1996 and 2001. Wife continued to work for the business until 2011 when she obtained full-time employment as a salesperson for a radio station. Her salary varies because it is commission-based, but was determined as $46,836 annually. At the time of the final hearing, husband continued to operate the family business. His salary from the business is also difficult to calculate, but it is around $43,260.

The marital home is located in Tinmouth, Vermont. It has a current fair market value of $165,000, and there is no mortgage on the property. Both parties contributed to improvements on the property.

After wife's father died in 2009, she received an unexpected inheritance of $650,000, ten percent of which must be used for the children's education. A significant portion was spent on marital expenses, and the balance was placed in two accounts in wife's sole name—a deviation from the parties' regular practice of using joint accounts. After the parties separated in December 2012, wife spent about $68,629 on expenses. At the time of the final hearing, husband argued that wife was hiding assets from the inheritance, but the court found that wife accurately reported the balance of the inheritance, which was in two accounts valued at $483,432 and $23,760.

The parties presented varying estimates of the value of the family business. Wife estimated the fair market value of the business at $20,000, while husband valued it at $1150, essentially the value of the equipment. The court concluded that the business has worth beyond the equipment and set the fair market value at $15,000.

The remaining marital property included IRA accounts in both parties' names, cars, a boat, a camper, a snowmobile, and other items of personal property.

When the parties separated, wife left the marital home, and the parties' daughter moved in with her. Husband stayed in the martial home after the parties separated and kept most of the household contents. The parties' son stayed with husband in the marital home. The children do not have a good relationship with the parent with whom they do not reside. The parties agreed to split custody, and the court granted legal rights and responsibilities for the child to the parent with whom that child resides.

In dividing the marital property, the court considered the statutory factors. The court concluded that the party through whom the property was acquired was an important factor as related to wife's inheritance. The court explained that the inheritance was received towards the end of the marriage and husband did not object to wife treating it as her own separate property. The court noted that the parties had not planned their lifestyle based on receiving this inheritance or made decisions in expectation of it. The court also found that both parties contributed to the acquisition and appreciation of the estate, noting that husband had worked long hours at the business and wife had been the primary caregiver. The court concluded that as to wife's inheritance, wife had contributed more to the marital estate by paying off debts with her inheritance. The court noted that husband had taken $10,000 of the inheritance to use for his expenses. As to the respective merits of the parties, the court found that both parties were at fault, but husband was more to blame.

Based on this analysis, the court awarded wife the balance of the inheritance as well as her IRAs, her car, and some personal property. The court granted husband the marital home, the family business, his car, the boat, the camper, the snowmobile, his IRAs, and the personal property in his possession. The court noted that this resulted in wife receiving approximately 68% of the total assets and husband 32%, but that the division was equitable given the evaluation of the statutory factors, particularly considering the party through whom the assets were acquired and each spouse's contribution to the acquisition, preservation, and appreciation of the marital estate. The court explained that but for those considerations, it would have divided the assets approximately evenly. Husband appeals the court's property division.

Pursuant to statute, the family court is required to "equitably divide and assign the property." 15 V.S.A. § 751(a). In making this decision, the court may consider several factors, including, among other things, the parties' age and health, the parties' occupations and income, the parties' skills, the parties' contributions to the education or earning capacity of the other, the parties' property interests and liabilities, the parties' opportunity for the acquisition of future income, whether the settlement is in lieu of maintenance, the party through whom property was acquired, and the parties' contributions to the value of the marital estate. Id. § 751(b). "The trial court has broad discretion to consider the statutory factors and fashion an appropriate order, but it must provide a clear statement as to what was decided and why." Turner v. Turner, 2004 VT

2

5, ¶ 7, 176 Vt. 588 (mem.). "The distribution of property is not an exact science; all that is required is that the distribution be equitable." Gravel v. Gravel, 2009 VT 77, ¶ 16, 186 Vt. 250.

On appeal, husband argues that the court abused its discretion in granting the entire inheritance to wife simply because it came from her family. Husband contends that this reason alone is not significant enough to justify an award to wife of the entire inheritance where it constitutes 55% of the marital estate. We conclude that the court properly weighed all of the statutory factors and did not abuse its discretion. See id. (stating that court's property division decision will be upheld absent abuse of discretion).

To support his claim that the property division in this case was inequitable and an abuse of discretion, husband relies on two prior cases that reversed unequal property divisions. The first is Dreves v. Dreves, 160 Vt. 330 (1993), in which the family court awarded the husband the marital home, an investment account, a work savings plan, and pension and retirement accounts, while the wife received a car and a cash payment worth about 12% of the marital estate. This Court reversed, concluding that while the family court has broad discretion in dividing marital property, there was an insufficient explanation of the basis for the disparate award. Id. at 333-35. The other case relied upon by husband is Harris v. Harris, 162 Vt. 174 (1994), in which the trial court awarded the husband the marital home and the wife $10,000, which amounted to 8-12% of the marital estate. The court reasoned that the land and home were acquired in large part by gifts from the husband's father and the husband's inheritance. This Court reversed, concluding that the court abused its discretion, and noting that the court could consider the party through whom property was acquired, but this factor "cannot, standing alone, justify the [] award." Id. at 183.

There are important differences between these prior cases and the situation here. In Harris and Dreves, there was a much greater difference in the property division. While the wives in those cases received incredibly small shares—somewhere between 8-12% of the marital estate—husband here received a much larger portion—32% of the marital estate. In addition, in Harris and Dreves, this Court noted that the trial courts focused solely on one factor—the party through whom the property was acquired—and failed to consider other factors, which favored a more equal distribution. In Dreves, the trial court's reasoning for awarding the husband a larger share was that nearly all of the assets were acquired through the husband, but this Court explained that the trial court failed to consider the wife's contribution as a homemaker, the husband's greater earning capacity, and the wife's lack of suitable housing. 160 Vt. at 334. Similarly, in Harris, this Court explained that the trial court failed to consider all of the relevant factors, such as the wife's nonmonetary contribution to the marriage, the wife's lack of vocational skills, and the husband's superior earning power and employability, which all weighed in favor of the wife receiving a larger share. Id. at 183-84.

The court's decision in this case provides the required reasoned explanation absent in Harris and Dreves. The court considered all of the statutory factors and provided a reasonable explanation for its decision to award wife a larger share of the marital estate. The court found based on the evidence that the parties were of similar age and health, were both employed with similar salaries, and had similar needs and comparable abilities to acquire capital assets and income in the future. The court found that two factors particularly weighed in favor of granting wife a larger share—that a significant amount of the marital estate was acquired through her and

that she contributed more to the acquisition of assets. This decision was entirely within the court's discretion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice