NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 32

No. 2018-204

| | |
|---|---|
| Jeffrey-Michael Brandt | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Lisa Menard et al. | January Term, 2019 |

Mary Miles Teachout, J.

Jeffrey Michael Brandt, Pro Se, Tutwiler, Mississippi, Plaintiff-Appellant.

Michael J. Leddy of McNeil, Leddy & Sheahan, P.C., Burlington, for Defendant-Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.    **CARROLL, J.**   Plaintiff is an inmate in the custody of the Vermont Department of Corrections (DOC). He filed this action seeking declaratory and injunctive relief prohibiting defendants (DOC officials) from interfering with his mail correspondence. The parties had previously entered into a Stipulation and Agreement of Dismissal (the Stipulation) in which DOC agreed not to prohibit plaintiff's correspondence with other inmates not in the custody of DOC on the basis that this would violate 28 V.S.A. § 802 and VTDOC Directive 409.5. However, plaintiff was prevented from corresponding with an inmate in another jurisdiction's custody when he was housed in a state-run Pennsylvania facility, subject to the Interstate Corrections Compact (ICC). The trial court denied plaintiff's motion seeking to be transferred to a non-ICC facility where the Stipulation would be enforced. Yet, during this appeal defendants transferred plaintiff to a non-

ICC facility in Mississippi. We remand for a hearing to determine whether plaintiff's mail-correspondence privileges are currently restricted in Mississippi, and, if so, to what extent and on what basis they have been restricted.

¶ 2. Under the Stipulation, defendants agreed not to "prohibit communication between plaintiff and any inmate who is not committed to the care and custody of [DOC] on the basis that said communication constitutes an inmate-to-inmate correspondence, as set forth in 28 V.S.A. § 802(c)[1] and VTDOC Policy Directive 409.05."[2] In return, plaintiff originally voluntarily dismissed this case.

¶ 3. After entering the Stipulation, DOC transferred plaintiff to a state-run facility in Pennsylvania. Vermont and Pennsylvania are members of the ICC. The ICC allows Pennsylvania to apply its own inmate-correspondence policy. 28 V.S.A. § 1604(e); Daye v. State, 171 Vt. 475, 481-82, 769 A.2d 630, 635-36 (2000). Applying Pennsylvania corrections policy, Pennsylvania officials restricted plaintiff's inmate-to-inmate correspondence. As a result, the trial court granted plaintiff the right to "reopen the case to pursue post-judgment enforcement of the [Stipulation]."

¶ 4. Plaintiff filed a motion seeking to compel DOC to transfer him back to Vermont, enforce the Stipulation, and hold defendants in contempt. The trial court denied this motion. The court concluded—and it was undisputed below—that Pennsylvania inmate-correspondence policy applied to plaintiff because Pennsylvania state-run prisons are subject to the ICC. The court also held that the Stipulation "did not establish a right that overrides the DOC's authority to transfer

---

[1] With exceptions that are of no consequence here, 28 V.S.A. § 802(c) prohibits mail correspondence by "[a]n inmate . . . with another inmate committed to the custody and supervision of the department of corrections, whether in the same facility or in a different facility."

[2] VTDOC Policy Directive 409.05 prohibits mail correspondence by "an inmate . . . with another inmate committed to the custody of the Department of corrections, instate or in contracted facilities out of state, whether in the same facility or in a different facility."

[plaintiff] to a place of confinement in a different facility in a Compact state, where different rules would apply."

¶ 5. "A case becomes moot—and this Court loses jurisdiction—when there no longer is an actual controversy or the litigants no longer have a legally cognizable interest in the outcome of the case." Paige v. State, 2017 VT 54, ¶ 7, 205 Vt. 287, 171 A.3d 1011. Changes in facts—even on appeal—can render a case moot. Houston v. Town of Waitsfield, 2007 VT 135, ¶ 5, 183 Vt. 543, 944 A.2d 260.

¶ 6. During the pendency of this appeal, DOC transferred plaintiff to a private corrections facility in Mississippi. This facility is not subject to the ICC. The purpose of plaintiff's post-judgment motion—and this appeal—was to require DOC to transfer him to a non-ICC facility where the Stipulation would be enforced. See Paige, 2017 VT 54, ¶ 8 (holding case moot where "the entire purpose of appellant's case was to prevent the inclusion of Senators [Cruz and Rubio] on the [2016] primary ballot" and, on appellate review, general election already completed). Plaintiff has now been transferred to a non-ICC facility and defendant agrees that the ICC allows the facility to apply Vermont's rules regarding inmate correspondence to him.

¶ 7. Now that plaintiff has been transferred to a non-ICC facility, it is undisputed that plaintiff cannot be prohibited from sending or receiving mail correspondence with out-of-state inmates on the basis of 28 V.S.A. § 802 and VTDOC Directive 409.05.[3] Although there is no legal dispute as to the enforceability of the Stipulation, there is a dispute of fact as to whether defendants have abided by the terms of the Stipulation at the Mississippi facility. At oral argument, defendants stated through counsel that they had no information that plaintiff's mail had been restricted in Mississippi.[4] Plaintiff stated, to the contrary, that his mail with inmates housed at other institutions

---

[3] Defendants conceded this point during oral argument.

[4] Nevertheless, defense counsel admitted that after a mass transition of inmates such as this, sometimes there is a "settling-in period."

had been returned to him and that staff at the Mississippi facility have ignored his written complaints.

¶ 8.     The trial court is better equipped than this Court to resolve issues of disputed fact. See Hopkinton Scout Leaders Ass'n v. Town of Guilford, 2004 VT 2, ¶ 12, 176 Vt. 577, 844 A.2d 753 (mem.) (remanding, despite stipulation to facts on appeal, because of need for "better developed factual record").  We therefore remand for a hearing on whether and to what extent prison officials have curtailed plaintiff's mail correspondence now that he is housed in Mississippi, and what the basis is for any such restrictions.  If the trial court concludes that defendants are not invoking 28 V.S.A. § 802(c) or VTDOC Policy Directive 409.05 to prohibit plaintiff's mail correspondence with any inmate committed to the care and custody of a department of corrections other than DOC, then plaintiff's post-judgment motion is moot.

¶ 9.     On appeal plaintiff has sought to rescind the Stipulation and vacate the voluntary dismissal, arguing that defendants transferred him to a jurisdiction—an ICC prison in Pennsylvania—that they "knew would violate the terms of the [Stipulation]."  Plaintiff did not raise this argument in the trial court, so we do not consider it. Brown v. State, 2018 VT 1, ¶ 25, 206 Vt. 394, 182 A.3d 597 ("[A] trial court may not be put in error by a point not raised below.").

The case is remanded for a hearing consistent with this opinion.

FOR THE COURT:

_____
Associate Justice

4