NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 9

No. 23-AP-207

| | |
|---|---|
| Amanda Booker<br>(Office of Child Support Southeast Region, Appellant) | Supreme Court |
| | On Appeal from |
| v. | Superior Court, Windham Unit,<br>Family Division |
| Cody Thomas | November Term, 2023 |

Christine Hoyt, Magistrate (dismissal); Jennifer Barrett, J. (opinion and order)

Kyle Hatt, Office of Child Support, Springfield, for Plaintiff-Appellant.

Cody Thomas, Pro Se, Bennington, Defendant-Appellee.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **EATON, J.** The Office of Child Support (OCS) appeals a family division order dismissing this parentage action because OCS filed the case beyond the applicable two-year limitations period under 15C V.S.A. § 402. On appeal, OCS argues that it has standing to bring this parentage action because doing so furthers the child's best interests. We affirm.

¶ 2. The undisputed facts are as follows. On March 12, 2017, mother Amanda Booker gave birth to L.B. At the time of L.B.'s birth, mother was married, creating a presumption under 15C V.S.A. § 401(a) that her husband is L.B.'s parent. Pursuant to the Vermont Parentage Act (VPA), when there is a presumed parent, a challenge to that parentage must be "commenced within two years after the birth of the child." 15C V.S.A. § 402(a). On October 5, 2021, OCS filed a

complaint on mother's behalf against defendant Cody Thomas, alleging that he was L.B.'s biological father.[1]  The complaint requested genetic testing to determine if defendant was L.B.'s biological father and sought child support for L.B.

¶ 3.     At a hearing before a magistrate, the magistrate questioned whether OCS had standing to bring the claim because OCS did not file the complaint within two years of L.B.'s birth, as required by 15C V.S.A. § 402.  OCS agreed that the two-year limit elapsed and that no statutory exception applied, but it argued that the case was still timely because it would further L.B.'s best interests.  The magistrate declined to consider whether L.B.'s best interests warranted an exception, concluding that § 402's plain language barred the claim.  The magistrate therefore dismissed the claim for lack of standing.[2]

¶ 4.     OCS appealed the magistrate's decision to the family division, which affirmed dismissal on the same grounds.  This appeal followed.  On appeal, OCS argues that the family division erred in strictly applying the two-year time limit on parentage claims provided under § 402(a).  OCS claims that the purpose of the VPA and its time limit on parentage claims under § 402 is to promote the best interests of the child, and therefore a parentage action should be viable, even after two years, if doing so is in that particular child's best interests.

¶ 5.     The meaning of § 402 is an issue of statutory interpretation, which we review without deference to the trial court's decision.  See State v. Amsden, 2013 VT 51, ¶ 8, 194 Vt. 128, 75 A.3d 612.  When interpreting a statute, our principal goal is to effect "the intent of the [L]egislature."  In re S.B.L., 150 Vt. 294, 301, 553 A.2d 1078, 1083 (1988).  In analyzing

---

[1]  Because mother receives public assistance, mother assigned her right to child support to OCS, making OCS a party to this case.

[2]  Although the term "standing" typically denotes a constitutional issue, see, e.g., Ferry v. City of Montpelier, 2023 VT 4, ¶ 15, __ Vt. __, 296 A.3d 749, it also applies to a statutory time limit to bring a claim, see, e.g., Blum v. Friedman, 172 Vt. 622, 624, 782 A.2d 1204, 1207 (2001).

legislative intent, we begin our analysis with the plain meaning of the language the Legislature adopted in the statute. Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49, 527 A.2d 227, 228 (1986); Frazer v. Olson, 2015 VT 84, ¶ 15, 200 Vt. 13, 127 A.3d 86. If the plain meaning is clear, "we will apply it, without resorting to . . . [any] additional determination of legislative intent." Hopkinton Scout Leaders Ass'n v. Town of Guilford, 2004 VT 2, ¶ 6, 176 Vt. 577, 844 A.2d 753 (mem.); see Wentworth v. Fletcher Allen Health Care, 171 Vt. 614, 617, 765 A.2d 456, 461 (2000) (mem.) ("When the meaning of a statute is plain on its face, we [will] . . . enforce it according to its terms.").

¶ 6.    Here, the plain meaning of the statute is clear and unambiguous. Section 402(a) provides that, "[e]xcept as provided in subsection (b) of this section, a proceeding to challenge the parentage of a person whose parentage is presumed under section 401 of this title shall be commenced within two years after the birth of the child." 15C V.S.A. § 402(a) (emphasis added). This Court previously observed that the limitations provision of 15 V.S.A. § 302, the repealed predecessor to § 402, was "a determinable fact" whose plain meaning "d[id] not invite further inquiry." Leo v. Hillman, 164 Vt. 94, 98-99, 665 A.2d 572, 575-76 (1995).

¶ 7.    Section 402(b), in turn, contains three enumerated exceptions that permit parentage claims beyond two years if (1) the "presumed parent . . . could not reasonably have known about the birth of the child," (2) the "alleged genetic parent . . . did not know of the . . . child and . . . could not reasonably have known on account of material misrepresentation or concealment," or (3) "another parent of the child . . . held out the child as the presumptive parent's child due to duress, coercion, or threat of harm." 15C V.S.A. § 402(b). OCS does not suggest any of these exceptions are applicable here. Section 402(b) has no exception providing for an extension of the two-year limitations period based on an analysis of a child's best interests. See id. § 402(a)-(b) (indicating that "unless otherwise provided" by listed exceptions, general two-year limit applies); see also Watson v. Dep't of Lab. & Indus., 138 P.3d 177, 181 (Wash. Ct. App. 2006)

3

(determining "unless otherwise provided" indicates statute is controlling unless exception applies). Moreover, § 402's use of the phrase "except otherwise provided," to define its scope of exceptions, is directly contrary to any legislative intent to allow for other exceptions beyond those already provided. See Fairbanks, Morse & Co. v. Harvey, 114 Vt. 425, 431, 47 A.2d 123, 126 (1946) (adopting narrow approach to inferring additional statutory exceptions); Vt. Dev. Credit Corp. v. Kitchel, 149 Vt. 421, 424-25, 544 A.2d 1165, 1167 (1988) (same). Thus, the proper application of § 402 is a literal one, based on its plain text. Hopkinton Scout Leaders Ass'n, 2004 VT 2, ¶ 6.

¶ 8. Nevertheless, OCS contends that § 402's general purpose creates an implied exception that allows parentage claims to be filed beyond the two-year limit if it is in a particular child's best interests. We apply a statute based on its purpose, instead of its plain text, only when necessary to avoid "results that are irrational." State v. Graves, 170 Vt. 646, 648, 757 A.2d 462, 464 (2000) (mem.); see In re J.R., 153 Vt. 85, 97, 570 A.2d 154, 160 (1989) (observing that we will give statutes reasonable construction to avoid leading to irrational consequences). Otherwise, we will not "read into [a statute] language that is not there." State v. Kerr, 143 Vt. 597, 605, 470 A.2d 670, 674 (1983).

¶ 9. Here, applying the limitations period as written is consistent with the overall statutory purpose of the VPA and does not lead to irrational results that render the act ineffective. Graves, 170 Vt. at 648, 757 A.2d at 464; In re J.R., 153 Vt. at 97, 570 A.2d at 160. The "express purpose" of the VPA is to "protect the best interests of the child." LeClair v. Reed ex rel. Reed, 2007 VT 89, ¶ 12 n.6, 182 Vt. 594, 939 A.2d 466 (mem.).[3] The fundamental policy considerations underlying presumptions of paternity and time limits on parentage actions are to promote finality,

---

[3] Much of OCS's arguments misinterpret the meaning of this phrase. The Legislature's emphasis on the best interest of the child is "intended to benefit Vermont . . . as a whole" and consider children's best interests in general, not merely the particular best interests of "individual children." Powers v. Off. of Child Support, 173 Vt. 390, 397, 795 A.2d 1259, 1265 (2002).

ensure children's emotional security, and "preserv[e] the stability of the family unit." Godin v. Godin, 168 Vt. 514, 521-22, 725 A.2d 904, 909 (1998) (explaining policy behind time limit on parentage claims under 15 V.S.A. § 302, predecessor to § 402); Columbia v. Lawton, 2013 VT 2, ¶ 11, 193 Vt. 165, 71 A.3d 1218 (same). These results are neither irrational nor do they render the statute ineffective. Allowing parentage claims beyond the two-year limit risks that children will "suffer financially or psychologically merely because of a parent's belated . . . concern over a child's biological origins." Godin, 168 Vt. at 522, 725 A.2d at 910. Enforcing finality in parentage actions thus promotes children's best interests.[4]

¶ 10.  Accordingly, it is not for us to counteract the Legislature's reasoned decision in balancing the need to properly adjudicate parentage with a time limitation to provide stability and finality. Indeed, the Legislature could have included additional language in § 402 regarding the best interests of the child, as it did elsewhere in the VPA and in statutory provisions governing OCS. See 15C V.S.A. §§ 115, 206, 501, 606 (using phrase "best interests of the child"); 33 V.S.A. §§ 4101, 4106 (same). It did not. Instead, it chose a clear time limit for all parentage claims, and it is not for this Court to override that legislative decision by reading into § 402 "language that is not there." Kerr, 143 Vt. at 605, 470 A.2d at 674; see Miller-Jenkins v. Miller-Jenkins, 2006 VT 78, ¶ 52, 180 Vt. 441, 912 A.2d 951 ("We express, as many other courts have, a preference for legislative action."), cert. denied, 550 U.S. 918 (2007).[5]

---

[4]  Further supporting this decision to reject OCS's proffered best-interests exception, we note that parentage statutes must be "strictly construed" because they are "in derogation of the common law." LeClair, 2007 VT 89, ¶ 4.

[5]  OCS also contends, based on Miller-Jenkins, that an individualized assessment of the child's best interest is warranted, even if not provided in the statute. See 2006 VT 78, ¶ 52. There, we considered whether a same-sex partner was the legal parent of a child where the Legislature had "not addressed assisted reproductive technologies" when it enacted the statute at issue. Id. ¶ 55. Here, by contrast, § 402 clearly contemplated what the appropriate time limit was for a parentage action, and there are no unique factual circumstances as there were in Miller-Jenkins.

¶ 11. In the instant case, OCS concedes that it commenced this action on October 5, 2021, well after the two-year limitations period expired. Because § 402's two-year time limit is clear and no statutorily enumerated exception applies, § 402 thus bars this belated parentage claim. See 15C V.S.A. § 402. Therefore, OCS lacks standing to challenge L.B.'s parentage, and the family division properly dismissed the case.[6]

Affirmed.

FOR THE COURT:

_____

Associate Justice

---

[6] In a supplemental citation, OCS argues that a subsequent superior court decision in Goodnow v. Wheeler, No. 22-DM-02000, slip op. at 9 (Vt. Super. Ct. Aug. 23, 2023), is inconsistent with this case. In Goodnow, the superior court held that "a strict reading of . . . § 402 produce[d] an absurd result . . . in light of the overall purpose of the VPA," whereas here the superior court had determined that a strict reading of the two-year limit under § 402 adhered to legislative intent. Goodnow, No. 22-DM-02000, slip op. at 6. In Goodnow, the superior court's decision was based on a conflict between two statutes that, "unlike in Booker," were applicable to the facts. Goodnow, No. 22-DM-02000, slip op. at 9. As such, these decisions are consistent, and the trial court properly distinguished them.